UTICA,
Aug. 1828.

The People
v.
Supervisors of
Washington.

---

### THE PEOPLE, on the relation of the OVERSEERS OF THE POOR of the town of Hartford, *vs.* THE SUPERVISORS of the county of Washington.

MOTION for a mandamus. A justice of the peace of the town of Hartford, in the county of Washington, on 6th July, 1827, made an order, directing the overseers of that town to provide for the support and maintenance of a lunatic pauper residing there, and so unwell that he could not with safety be removed to the county poor house, which, in that county, went into operation in June, 1827. The overseers accordingly provided for him, and in October, 1827, presented their account for monies expended in pursuance of such order, to the board of supervisors, which the board refused to audit and allow.

An account for monies expended in support of a pauper in a county having a county poor house, need not be audited by town auditors.

*By the Court,* SAVAGE, Ch. J. By the second section of the act relating to the poor of the county of Warren and for other purposes, passed 9th April, 1827, (*Statutes, 8th vol. a.* 195,) any one justice of the peace is authorized to make an order for the support and maintenance of a pauper, not in the county poor house, who is sick and cannot with safety be removed to the county poor house ; and the overseers of the poor of the town where the pauper happens to be, are bound to obey such order, and the expenses incurred are a charge to the county. The board of supervisors refused to audit and allow the account in this case, under the impression that it should have been first audited and certified by the town auditors of the town where the money was ex-

pended. In this they erred; the act of the legislature above referred to, has changed the course of proceeding in those cases, in such of the counties as have adopted the county poor house system. It is not necessary that previous to the allowance by the supervisors, the accounts for monies thus expended should be audited by town auditors.

An alternative mandamus is granted.